IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND OF KANSAS CITY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CONCRETE STRATEGIES, LLC. | ) ) ) |
| Defendant. | ) |

Case No. 2:21-cv-04148-MDH

## ORDER

Before the Court are cross motions for summary judgment. Plaintiffs, Carpenters Pension Trust Fund of Kansas City ("Pension Fund"), St. Louis-Kansas City Carpenters Regional Annuity Fund ("Annuity Fund"), Carpenters' Health and Welfare Trust Fund of St. Louis ("Welfare Fund"), their respective trustees (hereinafter collectively referred to as "Plaintiff Funds"), and the St. Louis-Kansas City Carpenters Regional Council ("Regional Council") have filed a Motion for Partial Summary Judgment against Defendant Concrete Strategies, LLC. (Doc. 110). Defendant Concrete Strategies has filed a motion for summary judgment stating plaintiff cannot demonstrate that it was legally obligated to make the benefit fund contributions at issue. (Doc. 112).[1]

### PLAINTIFFS' SUMMARY

Plaintiffs' action is based upon a claim to collect unpaid employee benefit plan contributions alleged to be due from Defendant. Plaintiffs allege they are due these unpaid

---

[1] Defendant has also filed a motion to strike certain portions of Amy Rote's affidavit and to strike Virgil Koth's affidavit that were submitted with Plaintiffs' Summary Judgment Motion. (Docs. 118 and 120). The Court denies these motions as moot. Defendant argues the affidavits contain legal interpretations and conclusions. However, the Court's ruling does not rely on any such information or "testimony" and these affidavits were not considered in the Court's determination. The Court finds no basis to strike the affidavits and denies the motions as moot.

1

contributions under the terms of an International Agreement Defendant entered into with the United Brotherhood of Carpenters and Joiners of America ("International Union") in May 2018.

Defendant is a construction industry contractor performing almost exclusively "tilt-up work" which involves building and erecting cement walls on commercial buildings. Plaintiffs contend several segments of "tilt-up work" constitute "carpenter work" within the craft jurisdiction of the International Union and its affiliated Regional Councils.

In 2018, Defendant was awarded a sub-contract to work on the SSM Health Saint Louis University Hospital Campus Renewal Project in St. Louis, Missouri ("Hospital Project"). Although the Hospital Project was within the geographic jurisdiction of the St. Louis Agreement, the general contractor of the Project required all subcontractors to become signatory to a National Maintenance Agreement with the International Union. Defendant contacted the International Union to become signatory to the National Maintenance Agreement ("NMA") with the International Union. Pursuant to a policy of the International Union, all employers who sign the NMA are also required to sign another agreement with the International Union requiring the employer to abide by any and all local agreements of the various Regional Councils affiliated with the International Union ("International Agreement").

Plaintiffs state Defendant executed both the NMA and the International Agreement and that the International Agreement required Defendant to pay employee benefit contributions and dues for work performed by all of its employees. Specifically, Plaintiffs claim the Builders CBA that covers the Kansas City metropolitan area, Southeastern Missouri, and Eastern Kansas, and Douglas County, KS covered by the Topeka CBA required Defendant to pay contributions and that Defendant never abided by the terms of the International Agreement. Plaintiffs allege Defendant ignored its contractual obligations under the International Agreement and failed to pay

2

contributions to the Plaintiff Funds for carpenter work covered by other local agreements of the Regional Council as to work outside of the St. Louis metropolitan area.

**DEFENDANT'S SUMMARY**

Defendant contends it was party to a collective bargaining agreement with Plaintiff Union, the Builders Agreement, that required Defendant to make fringe benefits contributions to Plaintiff Funds and withhold dues for Plaintiff Union for carpenter work covered by the two area addendums to the Builders Agreement that it had executed, the Signed Addenda. Defendant made the benefit contributions required by the Signed Addenda. Plaintiffs assert that Defendant was also required to make contributions to Plaintiff Funds under the terms of other area addenda that CSI did not sign (the "Unsigned Addenda") and under the terms of a collective bargaining agreement that Defendant did not sign, the Topeka CBA, because of its obligations pursuant to the International Agreement.

Defendant argues it was only signatory to, and bound by, two addenda to the Builders Agreement and did not execute or agree to be bound by any other addenda to the Builders Agreement (the "Unsigned Addenda"). As a result, Defendant states the only fringe benefit contributions that it was contractually obligated to make to Plaintiff Funds were the fringe benefit contributions required by the Signed Addenda.

Defendant argues the International Agreement does not refer to the Topeka Agreement or to the Unsigned Addenda by name and therefore cannot be ascertained from the International Agreement that either the Unsigned Addenda or the Topeka Agreement were being incorporated by reference.

Defendant summarizes Plaintiffs' claims as depending upon three assertions: 1) that Defendant's employees were "employed under the terms of the International Agreement," 2) that

3

the International Agreement incorporated the terms of the Builders Agreement and the Topeka CBA by reference; and 3) that the Builders Agreement incorporated the Unsigned Addenda by reference. Defendant contends none of these assertions are true.

**BACKGROUND**

Defendant is a nationwide contractor engaged in commercial concrete construction with an emphasis on industrial projects. "Plaintiff Funds" are the Carpenters Pension Trust Fund of Kansas City, St. Louis – Kansas City Carpenters Regional Annuity Fund, and the Carpenters' Health and Welfare Trust Fund of St. Louis. "Plaintiff Union" is St. Louis – Kansas City Carpenters Regional Council.

Plaintiff Funds retained Construction Benefits Audit Corporation ("CBAC") to perform a benefits contribution audit on Defendant covering the geographical jurisdiction of Plaintiff Funds. CBAC audited CSI's payroll records for the period of October 1, 2018 through March 31, 2021 (the "Audit Period").

There are two agreements at issue – the Builders Agreement and the International Agreement. Under the terms of the Builders Agreement, an Employer is bound to the area addendums "which it has executed, directly or through its Association." There are nineteen potential addenda connected with the Builders Agreement, seventeen area addenda and two specialty industry addenda. The second paragraph of Article III of the Builders' Agreement reads: "[i]n the event of a direct conflict between the terms of this Agreement and the terms of an Addendum, the terms of the Addendum shall prevail."

Under the terms of the Builders Agreement, an Employer is only required to make benefit contributions to Plaintiff Funds in those areas covered by signed area addenda. The language contained in the Builders Agreement that addresses an employer's obligation to contribute to

Plaintiff Funds states: "contribute at the appropriate hourly rate as indicated in the relevant Addendum for each hour worked by each employee covered by this Agreement." Employers that execute the Builders Agreement are not required to execute all the related addenda and employers are only bound by the specific addenda they execute. The Builders Association Agreement allows contractors to choose which jurisdiction to become signatory in. Defendant only executed two of the addenda.

On May 14, 2018, Defendant entered into the International Agreement with the International Union, which remained in effect until May 14, 2021. The International Agreement required Defendant to make contributions to pay annuity, pension and health and welfare contributions for the work of its employees within the craft jurisdiction of the International Union to such funds and in such amounts as identified in the applicable collective bargaining agreement established by the International Union affiliates and the employers or recognized employer agencies in the localities in which the employer undertook a project.

Defendant has been signatory to successive collective bargaining agreements with the Carpenters' Regional Council which covered the St. Louis, Missouri metropolitan area ("St. Louis Agreement"), since 1988. Plaintiff believes an employer may become bound to the terms Builders Agreement and the addenda incorporated therein by entering into the International Agreement with the United Brotherhood of Carpenter and Joiners of America which incorporates the terms of the Builders Agreement.

The International Agreement provides "[t]he Employer agrees to recognize the jurisdictional claims of the International Union and to comply with the contractual wages, fringe benefits, hours and other working conditions established between the International Union affiliates and the recognized employer agencies in the localities in which the Employer does any work within

5

the jurisdiction of the International Union." The International Agreement provides "payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality..."

Defendant believes to be bound by the Builders Agreement, an employer either has to execute the Builders Agreement directly or has to execute the agreement through an association. Plaintiffs argue the International Agreement obligated Defendant to pay contributions to Plaintiffs in such amounts as identified in the Builders Agreement and all addenda to the Builders Agreement which were incorporated when Defendant executed the International Agreement.

The Builders Agreement at issue in this matter became effective on August 1, 2017, nearly a year prior to the date on which the Defendant entered into the International Agreement. There was a Labor Agreement Stipulation executed by Defendant in 2019 that bound Defendant to the 2017 Builders Agreement. The parties dispute the effect the 2019 agreement had on the prior Builders Agreement.

**STANDARD**

Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. See, e.g., *Higgins v. Union Pacific Railroad Co.*, 931 F.3d 664, 669 (8th Cir. 2019); Fed. R. Civ. Pro. 56. When the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

# DISCUSSION

When interpreting agreements between unions and employers, ordinary principles of contract law apply unless they are inconsistent with federal labor policy. *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015). The language of the Builders Agreement states in clear and unambiguous terms: "[t]he Employer shall be bound to only those Addendums to which it has executed, directly or through its Association." Defendant only signed two addenda.

However, Defendant also executed the International Agreement. Plaintiffs argue that Defendant was required to make fringe benefits under the terms of the Unsigned Addenda and the Topeka Agreement because those terms were incorporated by reference in the International Agreement. The International Agreement does not specifically refer to the Topeka Agreement or to the Unsigned Addenda by name, however, it does state "[p]ayment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds in such amounts as are identified in the applicable collective bargaining agreement for that locality." Plaintiffs argue work was done in localities that Defendant failed to pay for pursuant to the applicable collective bargaining agreements that provided the terms for such contributions.

Defendant argues that because the Builder Agreement and Addenda were not specifically identified in the International Agreement it should not be bound by any such language. Defendant argues documents incorporated by reference must be explicitly, or at least precisely, identified and contract language be clear that the agreement is to be incorporated. Citing, *MZM Construction Company, Inc. v. New Jersey Building Laborers' Statewide Benefit Funds*, 974 F.3d 386, 402-03 (3d Cir. 2020); *Int'l Assoc. of Machinists & Aero. Workers v. ISP Chems., Inc.*, 261 Fed. App'x. 841, 847-48 (6th Cir. 2008); *Dobyns v. U.S.,* 915 F.3d 733, 741 (Fed. Cir. 2019); *Northrop Grumman Info. Tech., Inc. v. U.S.*, 535 F.3d 1339, 1343-44 (Fed. Cir. 2008). Defendant contds

7

that courts have applied this standard in construing a collective bargaining agreement. Citing, *Int'l Assoc. of Machinists & Aero Workers v. ISP Chems., Inc.*, 261 Fed. App'x.at 847-48 (incorporation by reference is only proper with clear reference to separate document, the separate document may be ascertained, and incorporation will not result in surprise or hardship); *Trustees of the Nat'l Auto. Sprinkler Indus. Pension Fund v. Fairfield Co. Sprinkler Co., Inc.*, 243 F.3d 112, 117 (2d Cir. 2001) (documents not in existence at signing may not be incorporated).

However, here the Unsigned Addenda and the Topeka Agreement were collective bargaining agreements applicable to the locality (even if not previously signed by Defendant) when Defendant executed the International Agreement that incorporated the amounts identified in the Builders Agreement and all the addenda to that agreement. Plaintiffs claim that Defendant was required to make the fringe benefit contributions for work in the areas covered by the Unsigned Addenda and the Topeka Agreement because the contribution obligations under the Unsigned Addenda and Topeka Agreement were incorporated by reference into the International Agreement. This Court agrees.

The International Agreement incorporates by reference the collective bargaining agreements' terms established between the International Union affiliates and the employers or recognized employer agencies in the localities in which the Defendant performed work. While the International Agreement does not explicitly identify the International Union affiliates and the recognized employer agencies, it identifies the International Union affiliates in the localities in which the employer performs any work. As a result, the terms of the Builders Agreement and all addenda to the Builders Agreement which identified the dues and annuity, pension and health and welfare contributions were incorporated into the International Agreement for these areas where work was performed. By executing the International Agreement, the Defendant obligated itself to

8

pay Plaintiffs dues, annuity, pension and health and welfare contributions in such amounts as were identified in the Builders Agreement.[2]

An audit, upon which Plaintiffs base their claims, revealed that Defendant failed to pay employee benefit plan contributions and union dues on behalf of its employees performing carpenter work on construction projects within the craft jurisdiction of the International Union, in certain localities of Plaintiff Funds. As set forth herein, the Court finds this was required by the International Agreement during the period of October 1, 2018 through March 31, 2021. However, issues concerning what work was covered by the agreement, the amounts due, or the contributions and union dues owed remain for factual determination and adjudication.

## DECISION

Wherefore, for the reasons set forth herein, the Court hereby **GRANTS** Plaintiffs' motion for partial summary judgment. (Doc. 110). Defendant's motion for summary judgment is **DENIED.** (Doc. 112).

**IT IS SO ORDERED.**

Date: September 26, 2024

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] If Defendant's interpretation was correct and its obligations are defined solely by the Builder's Agreement and Signed Addenda the parties' execution of the International Agreement would seem to have no meaning or purpose.